IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICAH HEPLER, | )<br>) |
| Plaintiff, | ) Civil Action No. 18-446<br>) Magistrate Judge Maureen P. Kelly |
| v. | )<br>) Re: ECF Nos. 41 and 43 |
| JOHN WETZEL, JAMES BARNACLE, JAY LANE, ROBERT JONES, GARRY PATTERSON, ERIC GARLAND, LIEUTENANT YOUHOUSE, and DARLA COWDEN, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM ORDER

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Micah Hepler ("Plaintiff"), is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"). Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against several DOC officials, corrections officers, and a physician's assistant.[1] Plaintiff initiated this action with the submission of a complaint on April 5, 2018, without a motion to proceed *in forma pauperis* and without paying the appropriate filing fee. ECF No. 1. Upon curing this deficiency, Plaintiff's action was reopened, ECF No. 6, the Complaint was filed, and Defendants were served with the Complaint. Defendants filed Motions

---

[1] Defendant John Wetzel is sued in his individual and official capacity as Secretary of the Department of Corrections; James Barnacle is sued in his individual and official capacity as the Director of the Office of Special Investigations and Intelligence; Jay Lane is sued in his individual and official capacity as the Superintendent of the State Correctional Institution Fayette ("SCI-Fayette"); Defendants Robert Jones, Garry Patterson, Eric Garland, and Lieutenant Youhouse are corrections officers employed at SCI-Fayette, each of whom is sued in his individual capacity (collectively, the "DOC Defendants"); and Darla Cowden is a physician's assistant who provides medical care to inmates housed at SCI-Fayette. Ms. Cowden is sued in her individual and official capacity. ECF No. 38 ¶¶ 4-8.

to Dismiss the Complaint for failure to state a claim upon which relief can be granted, ECF Nos. 21 and 24. Thereafter, Plaintiff filed an Amended Complaint, which is deemed to be the operative complaint. ECF No. 38.

In his Amended Complaint, Plaintiff alleges the violation of his rights under the Eighth Amendment of the United States Constitution. In particular, Plaintiff alleges that on March 31, 2016, he attempted to reach a toilet to destroy contraband; specifically, a note hidden in his mouth. In order to stop Plaintiff's flight to the toilet, Defendants Patterson and Garland sprayed Plaintiff with "o.c. spray," and "took the Plaintiff to the ground." ECF No. 38 ¶ 17. Plaintiff alleges that he complied with orders to not resist and once on the floor face down, with his hands behind his back, Defendants Patterson, Garland, and Youhouse assaulted Plaintiff, delivering punches to his jaw and neck, and spraying him again in his nose, mouth, and the back of his underwear. Id. ¶ 18. Plaintiff alleges that Defendant Garland broke his hand hitting Plaintiff in the back of the head, and thereafter hit Plaintiff repeatedly on the head with his flashlight. Id. As a result, Plaintiff suffered several lacerations on his head, which required medical treatment.

Plaintiff alleges that Defendant Cowden stapled his scalp lacerations without cleaning the area and without anesthetic. Id. ¶ 20. Plaintiff further alleges that the alleged assault and inadequate medical care was overseen or directed by Defendant Jones, in his capacity as a supervising officer on the scene. Id. ¶¶ 22, 23. Thereafter, Plaintiff was strip-searched and placed in an observation cell, where he alleges Defendants continue to torture and harass him. Plaintiff was transported to Uniontown Hospital three hours after the incident and upon release, was returned to a "dry-cell" and handcuffed to a steel bunk. Id. ¶¶ 24-25. Plaintiff was required to toilet in a bag to preserve any contraband that may have been swallowed, and Plaintiff alleges this procedure was conducted without being permitted to wash his hands. Id. Thereafter,

2

Plaintiff was transferred to SCI-Somerset, where Plaintiff alleges certain medical records and photographs documenting his injuries were removed. Plaintiff states he was unable to shower for two weeks, and that he received inadequate medical treatment for his injuries. Thereafter, medical personnel at SCI-Somerset removed 20 stapes and applied topical ointment. Id. ¶¶ 27-28.

As a result of this incident, Plaintiff alleges he has suffered severe scarring on his head. In addition, Plaintiff alleges that Defendants issued two false misconducts. According to Plaintiff, the first misconduct was dismissed during the hearing on April 4, 2016, due to the absence of security camera evidence. The second misconduct, submitted by Defendant Patterson, also resulted in dismissal of charges against Plaintiff for assault. Plaintiff alleges he was released into general population in May 2016, and that his release would not have been permitted if he had been found guilty of assault. Id. ¶ 31.

Plaintiff claims that Defendants conspired to prevent him from reporting their conduct to a state police investigator, and provided the investigator with the false misconduct reports, without also informing him that the disciplinary charges had been dismissed. In addition, Plaintiff alleges that Defendants have destroyed or hidden all camera evidence of the incident. Id. ¶¶ 32-37.

As to Defendants Wetzel and Barnacle, Plaintiff alleges that each was aware of an extensive history of misconduct on the part of corrections officers at SCI-Fayette, which involved assaults or physical altercations committed by staff members upon inmates. Id. ¶¶ 10-15. Plaintiff alleges that these incidents were not investigated appropriately, resulting in the exoneration of staff members and the implementation of a policy and practice of deliberate indifference to inmate assaults conducted by corrections officers. Id. ¶¶ 15-16, 41.

3

Plaintiff brings three claims against Defendants. First, Plaintiff alleges that Defendants Jones, Youhouse, Patterson, and Garland violated Plaintiff's Eighth Amendment rights in the use of excessive physical force, without provocation, and/or in failing to prevent the misuse of force. Id. ¶ 40. As to Defendants Wetzel, Barnacle, and Lane, Plaintiff alleges an Eighth Amendment claim for the failure to "curb the known pattern of physical abuse" by corrections officers, which constitutes deliberate indifference to Plaintiff. Finally, as to Defendant Cowden, Plaintiff alleges an Eighth Amendment claim for deliberate indifference to his medical needs.

In response to the Amended Complaint, Defendant Cowden has filed a Motion to Dismiss for Failure to State a Claim, ECF No. 41, based upon the conceded provision of medical care in the aftermath of Plaintiff's injury. The DOC Defendants also have filed a Motion to Dismiss for Failure to State a Claim, ECF No. 43, raising: (1) the applicable statute of limitations as a bar to Plaintiff's action; (2) the absence of required personal involvement on the part of Defendants Wetzel, Lane, and Barnacle; (3) the failure to state a cognizable conspiracy claim; and, (4) the Eleventh Amendment as a bar to any suit in Defendants' official capacities. ECF No. 44. Plaintiff filed his responses to the Motions to Dismiss, ECF No. 47 and 48, and thereafter filed a Supplemental Response, ECF No. 55, and a Declaration in Support of Plaintiff's Supplemental Response to Motion to Dismiss, ECF No. 56. The motions are ripe for consideration. For the following reasons, the Motions to Dismiss are granted in part and denied in part.[2]

---

[2] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to having a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. ECF Nos. 17, 19, 20.

4

## II. STANDARD OF REVIEW

### A. Motion to Dismiss

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). While a complaint does not need detailed factual allegations to survive the motion to dismiss, a complaint must provide more than labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and sufficient "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.... Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557).

In other words, at the motion to dismiss stage, a plaintiff is required to make "a showing' rather than a blanket assertion of an entitlement to relief." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Id. at 234, quoting Twombly, 550 U.S. at 556 n. 3.

5

## B. *Pro Se* Pleadings and Filings

*Pro se* pleadings and filings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (A "petition prepared by a prisoner ... may be inartfully drawn and should ... be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997) (*overruled on other grounds*); see also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same).

However, there are limits to the court's procedural flexibility — "pro se litigants still must allege sufficient facts in their complaints to support a claim .... they cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted). Accordingly, because Plaintiff is a pro se litigant, this Court will consider the facts and make inferences where it is appropriate.

## III. DISCUSSION

### A. Eighth Amendment Claim – Medical Treatment

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Darla Cowden moves to dismiss Plaintiff's Eighth Amendment claim against her for alleged deliberate indifference to Plaintiff's need for medical treatment.

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). In order to state an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to constitute deliberate indifference to a serious medical need. See Spruill v. Gillis, 372 F.3d 218, 235-36 (3d Cir. 2004); Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component). Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Colburn v. Upper Darby Twp., 946 F.2d 1017, 1023 (3d Cir. 1991); Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347. Deliberate indifference requires "obduracy and wantonness," which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk. Whitley v. Albers, 475 U.S. 312, 319 (1986); see also Farmer v. Brennan, 511 U.S. 825, 842 (1994) (stating that "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm"). Needless suffering resulting

7

from the denial of simple medical care, which does not serve any penological purpose, violates the Eighth Amendment. See Talbert v. Corr. Dental Assocs., 731 F. App'x 145, 150 (3d Cir. 2018).

In this instance, and at this early stage of the litigation, Plaintiff sufficiently has alleged both a serious medical condition and the unnecessary and wanton infliction of pain by Defendant Cowden. In particular, Defendant Cowden is alleged to have treated lacerations on Plaintiff's head with the placement of twenty staples in his head without benefit of topical anesthesia. After the development of a record, evidence may be presented regarding the lack of necessity for anesthesia to treat scalp lacerations; or that providing anesthesia is a comfort measure that is not otherwise required, see Talbert 731 F. App'x at 150 (citing Snipes v. DeTella, 95 F.3d 586, 591-592 (7th Cir. 1996) (explaining that the plaintiff being denied anesthesia for minor surgery was not "inhumane or a denial of the minimal necessities of a civilized society")). However, at this early stage, the Court is unable to determine if the failure to provide anesthetic in the course of treatment resulted in subjecting Plaintiff to needless suffering as alleged in the Amended Complaint, or was otherwise deemed unnecessary based on the exercise of professional judgment. Accordingly, the Motion to Dismiss filed on behalf of Darla Cowden, ECF No. 41, is denied.

### B. Statute of Limitations

The DOC Defendants raise the applicable statute of limitations governing Plaintiff's claims as a defense to certain of Plaintiff's Eighth Amendment claims asserted against each of them. ECF Nos. 43 and 44. The DOC Defendants contend that Plaintiff's allegations related to the initial alleged assault occurred on March 31, 2016, but his initial complaint in this matter was not submitted until April 5, 2018. ECF No. 1. Defendants note that the statute of limitations

applicable to Plaintiff's Section 1983 claims is determined by the personal injury statute of limitations of the state in which the lawsuit is filed. ECF No. 44 at 4. In this regard, Pennsylvania's statute of limitations for personal injury claims is two years. 42 Pa. C.S.A. § 5524; and see Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009)("The statute of limitations for a § 1983 claim arising in Pennsylvania is two years."). Because more than two years elapsed between the alleged assault and the filing of Plaintiff's action, the DOC Defendants contend that dismissal of the Amended Complaint is warranted.

In response, Plaintiff cites Pearson v. Secretary Department of Corrections, 775 F.3d 598, 603 (3d Cir. 2015), and cogently argues that pending the required exhaustion of administrative remedies, the applicable statute of limitations is tolled. In Pearson, the United States Court of Appeals for the Third Circuit explained as follows:

> Under Pennsylvania law, personal injury claims must be brought within two years of the accrual of the claim. 42 Pa. Cons.Stat. § 5524(7). Pennsylvania law also provides that "[w]here the commencement of a civil action or proceeding has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action or proceeding must be commenced." 42 Pa. Cons.Stat. § 5535(b) (emphasis added). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, the timeliness of Pearson's § 1983 claims hinges on whether the PLRA's exhaustion requirement is a "statutory prohibition" under Pennsylvania's tolling statute, and if so, how long the statute of limitations is tolled on Pearson's claims.

Pearson, 775 F.3d at 602. The Third Circuit considered the mandatory nature of exhaustion under the PLRA and "concluded that the PLRA is a statutory prohibition that tolls Pennsylvania's statute of limitations while a prisoner exhausts administrative remedies...." Id. at 603. Plaintiff states that he availed himself of various administrative remedies prior to filing his initial complaint. ECF No. 48 at 1 ("[t]he Plaintiff exhausted his administrative remedies on

9

9/7/16. 9/16/16/ through the grievance process, and on 10/14/16, Defendant Barnacle notified him 'his claims were unsubstantiated'"). Accordingly, at this stage of the litigation, it cannot be determined as a matter of law on the face of the pleadings that any portion of Plaintiff's claims against any of the DOC Defendants is barred by application of Pennsylvania's two-year statute of limitations, and the Motion to Dismiss on this basis is denied.

### C. Personal Involvement of Defendants Wetzel, Lane and Barnacle

In the Amended Complaint, Plaintiff alleges that Defendants Wetzel and Barnacle established a policy, practice or custom of tolerance to abuse of inmates by staff members, whereby staff members "are routinely exonerated of abuse against an inmate." ECF No. 38 at 3. Plaintiff further alleges that Defendants Wetzel and Barnacle regularly receive Extraordinary Occurrence Reports regarding physical altercations between staff and inmates, and that each of these Defendants has been made aware of 120 such incidents, but failed to conduct appropriate investigations. As a result, staff have been exonerated "by blaming the inmate and fabricating official reports to undermine the culpability of staff." Id. Moreover, because such incidents are not investigated, Defendants Wetzel and Barnacle are alleged to have encouraged a policy or practice which led to his alleged assault on March 31, 2016. Id.

In response, the DOC Defendants move to dismiss Plaintiff's claims for failure to sufficiently allege the personal involvement of Defendants Wetzel, Barnacle, or Lane.[3] The law with regard to supervisory liability is well-settled:

> A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: 1) that the conduct complained of was committed by a person acting

---
[3] Plaintiff's only allegation with regard to Defendant Lane (beyond his role as Superintendent of SCI-Fayette) is set forth in his "Claims for Relief", wherein Plaintiff alleges "[t]he failure of Defendants John Wetzel, James Barnacle, and Jay Lane to take disciplinary or other actions to curb the know patter[n]s of physical abuse by the Defendants Robert Jones, Lieutenant Youhouse, Garry Patterson, and Eric Garland constituted Deliberate Indifference to both the Plaintiff's and other inmates safety, and contributed, and proximately caused, the above described violation of Eighth Amendment rights and assault and battery." ECF No. 38 ¶ 41.

10

> under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141–42 (3d Cir. 1990).
>
> Moreover, in addressing whether a viable claim has been stated against a defendant the court must assess whether [the plaintiff] has sufficiently alleged personal involvement of the defendant in the act which he claims violated his rights. Liability may not be imposed under § 1983 on the traditional standards of respondeat superior. Capone v. Marinelli, 868 F.2d 102, 106 (3d Cir. 1989) (citing Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976)). In Capone, the court noted "that supervisory personnel are only liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct." 868 F.2d at 106 n. 7.
>
> There are only two avenues for supervisory liability. First, as mentioned above if the supervisor knew of, participated in or acquiesced in the harmful conduct, and second, if a supervisor established and maintained a policy, custom or practice which directly caused the constitutional harm. Id.; Santiago v. Warminster Township, 629 F.3d 121, 129 (3d Cir. 2010); A.M. ex rel. J.M.K. v. Luzerne County Juvenile Center, 372 F.3d 572, 586 (3d Cir. 2004). However, with respect to the second avenue of liability conclusory, vague and speculative allegation of custom, policy or practice are insufficient under Twombly and Iqbal. Id.

Lewis v. Wetzel, 153 F. Supp. 3d 678, 695–96 (M.D. Pa. 2015).

In Sample v. Diecks, 885 F.2d 1099 (3d Cir. 1989) the Third Circuit held that a prison official may be liable under the Eighth Amendment if (1) existing policy or practice creates an unreasonable risk of Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice. Id. at 1118. The requisite "unreasonable risk" is normally shown by evidence that "such harm has in fact occurred on numerous occasions," Id. However, "there are situations in which the risk of constitutionally cognizable harm is so great and so obvious that the risk and the failure of supervisory officials to respond will alone support findings of the existence of an unreasonable risk, of knowledge of that unreasonable risk, and of indifference to it." Id.

11

In this instance, while it is a close call, the Court finds that Plaintiff's allegations as to Defendants Wetzel and Barnacle are sufficient to state a plausible claim for deliberate indifference to a known risk of injury in violation of the Eighth Amendment. As to each, Plaintiff alleges knowledge of a history of dozens of altercations between staff and inmates, and a practice of failing to investigate such that staff acted with relative impunity on the day of Plaintiff's alleged assault. It remains to be seen whether Plaintiff will be able to muster evidence to show deliberate indifference and causation, in the absence of any reasonable steps to prevent the harm from occurring. Heggenmiller v. Edna Mahan Correctional Institution for Women, 128 F. App'x 240, 247 (3d Cir. 2005). However, at this initial stage of the litigation, a plausible claim has been asserted as to Defendants Wetzel and Barnacle.

The same cannot be said as to Defendant Lane. As noted *supra*, Plaintiff's Amended Complaint fails to set forth any allegations plausibly connecting Defendant Lane to the incidents at issue, and does not allege that he was aware of a history of staff on inmate assaults, or that he ignored such a history, so as to communicate a message of approval. Accordingly, Defendants' Motion to Dismiss Jay Lane is granted, but the Motion to Dismiss is denied as to Defendants Wetzel and Barnacle.

As to Defendant Lane, Plaintiff will be granted twenty-one days to filed a second amended complaint alleging Mr. Lane's personal involvement in this matter. If Plaintiff decides to file a second amended complaint to address solely Mr. Lane's personal involvement, Plaintiff is advised that he must clearly designate on the face of the document that it is the "Second Amended Complaint." In addition, the amended complaint must be legibly rewritten in its entirety in all respects, and must stand by itself as an adequate complaint setting forth all claims against all parties previously named in this action. Any second amended complaint will

supersede and replace the original amended complaint already filed. Consequently, should Plaintiff file a second amended complaint, all causes of action alleged in the amended complaint which were not dismissed and are not included in the amended complaint are waived. In addition, leave of Court has been granted solely to address Mr. Lane's alleged personal involvement. No new causes of action, claims, or defendants may be added.

### D. Conspiracy to Deprive Plaintiff of Civil Rights

The DOC Defendants move to dismiss a perceived claim for conspiracy to violate Plaintiff's civil rights. ECF No. 44 at 7. Plaintiff acknowledges that he "was not yet stating a claim for a conspiracy to deprive him of his civil rights." ECF No. 55 at 6. Accordingly, the Motion to Dismiss is denied, insofar as the underlying claim is not alleged.

### E. Eleventh Amendment -- Official Capacity Claims

The DOC Defendants move to dismiss all official capacity claims asserted against them as barred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. See Pennhurst v. Halderman, 465 U.S. 89, 99-100 (1984); A.W. v. Jersey City Public Schools, 341 F.3d 234, 238 (3d Cir. 2003). Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. See Hafer v. Melo, 502 U.S. 21, 25 - 27 (1991); Will v. Mich. Dep't of State Police, 491 U.S. 58, 70 – 71 (1989). The Commonwealth of Pennsylvania has expressly withheld consent and has not waived its Eleventh Amendment immunity. See 42 Pa. Cons. Stat. Ann. § 8521 - 22. However, state officials sued in their individual capacities are "persons" within the meaning of Section 1983. See Hafer, 502 U.S. at 31. Thus, the Eleventh Amendment does not bar suits for monetary damages brought under Section 1983 against state officials in their

13

individual capacities. Id. Accordingly, any claim for monetary damages against the Defendants Wetzel, Barnacle, and Cowden in their official capacities are dismissed with prejudice,

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed on behalf of Defendant Cowden, ECF No. 41, is properly denied. The Motion to Dismiss filed on behalf of Defendants Wetzel, Barnacle, Jones, Patterson, Garland, and Youhouse, ECF No. 43, is properly denied; however, the Motion to Dismiss Defendant Lane and all official capacity claims for monetary relief asserted against Defendants Wetzel, Barnacle, and Cowden is granted. Accordingly, the following Order is entered:

## ORDER

AND NOW, this 30th day of April, 2019, upon consideration of the Motion to Dismiss Plaintiff's Amended Complaint filed on behalf of Defendant Darla Cowden, ECF No. 41, and the Motion to Dismiss filed on behalf of Defendants John Wetzel, James Barnacle, Jay Lane, Robert Jones, Garry Patterson, Eric Garland, and Lieutenant Youhouse, ECF No. 43, and the briefs and declarations filed in support and in opposition thereto, ECF Nos. 42, 44, 47, 48, 55, 56, 57, and 58, and for the reasons set forth in the foregoing Memorandum, IT IS HEREBY ORDERED as follows:

(1) The Motion to Dismiss filed on behalf of Defendant Darla Cowden, ECF No. 41 is DENIED;

(2) The Motion to Dismiss filed on behalf of Defendant Jay Lane, ECF No. 43, is GRANTED, without prejudice,

(3) The Motion to Dismiss Plaintiff's official capacity claims for monetary relief, ECF No. 43, is GRANTED with prejudice;

(4) The Motion to Dismiss filed on behalf of Defendants Wetzel, Barnacle, Jones, Patterson Garland, and Youhouse, ECF No. 43, is DENIED in all other respects.

BY THE COURT:

/s/ Maureen P. Kelly

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF

Micah Hepler
HE-3781
SCI Laurel Highlands
PO Box 361
Somerset, PA 15501