IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICAH HEPLER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-446 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | Re: ECF No. 110 |
| JOHN WETZEL, JAMES BARNACLE, JAY LANE, ROBERT JONES, GARRY PATTERSON, ERIC GARLAND, LIEUTENANT YOUHOUSE, and DARLA COWDEN, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF COURT

Plaintiff Micah Hepler ("Plaintiff"), an inmate in the custody of the Pennsylvania Department of Corrections brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several Department of Corrections' officials, corrections officers, and a physician's assistant. In his Amended Complaint, filed on November 6, 2018, Plaintiff alleges excessive use of force and denial of medical care in violation of his rights under the Eighth Amendment of the United States Constitution. ECF No. 38.

Presently before the Court is Plaintiff's Motion for Sanctions in Response to Defendants Committing Fraud Upon this Court ("Motion for Sanctions"), which requests that the Court impose sanctions with respect to Department of Corrections Defendants John Wetzel, James Barnacle, Robert Jones, Garry Patterson, Eric Garland, and Lieutenant Youhouse (collectively referred to as the "DOC") for violations of discovery related orders in this case. ECF No. 110. For the reasons set forth below, the Motion for Sanctions is granted.

I. **FACTUAL AND PROCEDURAL HISTORY**

On January 29, 2020, the Court granted, in part, two Motions to Compel Discovery, ECF Nos. 80 and 82, filed by Plaintiff. ECF No. 92. The Court ordered the DOC to produce various additional documents and supplemental answers to interrogatories on or before February 10, 2020. Id. at 6. The Court further advised counsel for the DOC that no extensions of time to comply with the Order would be granted. Id.

On February 18, 2020, the Court granted Plaintiff's Motion for Clarification filed, in which Plaintiff requested the Court to clarify a portion of its Order at ECF No. 92 to make clear that the DOC must produce certain medical information pertaining to Defendant Patterson, as opposed to Plaintiff's medical records. ECF No. 97. As a result, the Court ordered the DOC to "state each diagnosis of Defendant Patterson by Uniontown Hospital Emergency Room relative to injuries sustained on 3/31/16" and to "produce copies of the medical records for the emergency room visit to the Court for in-camera review by 3/3/20." Id.

On February 28, 2020, Plaintiff filed a Motion for Sanctions and for Additional Order of Court, asserting that the DOC had not provided supplemental discovery responses, as previously ordered by this Court. ECF No. 98.

The DOC failed to comply with this Court's Order, ECF No. 97, requiring the DOC to produce Patterson's medical records for in-camera review by March 3, 2020. No documents were provided to the Court. As such, this Court issued an Order to Show Cause directing DOC counsel to address his failure to comply on or before March 6, 2020. ECF No. 101. The Court noted that failure to respond may result in sanction by this Court. Id.[1]

---

[1] This is the second Order to Show Cause that the Court issued with respect to DOC counsel's failure to comply with deadlines in this case. See also ECF No. 89.

On March 6, 2020, the DOC filed a response to Plaintiff's Motion for Sanctions and the Order to Show Cause. ECF No. 104. The DOC represented to this Court that certain video footage that Plaintiff sought did not exist and that the DOC had provided Plaintiff with supplemental responses to his discovery responses by the deadline, noting that delivery of inmate communications is often delayed by the screening process. Id. ¶¶ 2-5. With respect to Patterson's medical records, the DOC asserted that counsel had reviewed the medical records and determined there was no security risk in producing these directly to Plaintiff. Id. ¶ 6. Accordingly, these medical records would be provided directly to Plaintiff with the service of its response.

On March 9, 2020, the Court denied Plaintiff's Motion for Sanctions, concluding that it appeared Defendants had addressed the discovery issues in Plaintiff's motion, including producing medical records, addressing camera locations and confirming production of video. ECF No. 105.

On March 27, 2020, Plaintiff filed the instant Motion for Sanctions. ECF No. 110. He notifies the Court that the DOC still has not produced supplemental responses to his discovery requests. Plaintiff argues that, while the DOC claimed exhibits to Plaintiff's prior motion showed they had responded, this was not the case.[2] In addition, while the DOC has since produced Plaintiff's medical records, it never produced Patterson's medical records.

On March 27, 2020, this Court issued has an Order expressly directing the DOC to promptly respond to Plaintiff's Motion for Sanctions by April 1, 2020. The Court specifically ordered:

---

[2] As Plaintiff points out, he attached as exhibits postmarked envelopes from personal mail that he received. Plaintiff argued that because this mail was postmarked after the DOC's deadline to provide supplemental responses, he would have already received the DOC's responses if they had been sent, even accounting for inmate mail delays. See ECF No. 98 at 1.

> Counsel for [the DOC] Defendants is directed to file documentation on the docket along with his response to prove that he complied with the prior Order of this Court and Order to Show Cause. ECF No. 101. DOC counsel is also to provide this Court with copies of the referenced medical records.

ECF No. 111.

DOC filed a response on April 1, 2020, ECF No. 113. However, the DOC's response clearly fails to comply with this Court's March 27, 2020 Order. Counsel for the DOC represents that "appropriate responses to the entirety of Plaintiff's discovery requests have been provided to the Plaintiff," but fails to attach documentation in support of this position. Id. ¶ 4. Rather than supplying proof of its response, the DOC argues that Plaintiff's request to amend or stay his Motion "ostensibly" means that Plaintiff has received the discovery responses sometime after the Motion for Sanctions was docketed. Id. Moreover, the DOC has still not provided the referenced medical records to the Court, as ordered, and the DOC fails to address this issue in its response.

On April 6, 2020, the Court issued an Order detailing the foregoing procedural history and noting that the DOC's response failed to comply with its March 27, 2020 Order, for the reasons stated above. ECF No. 114. This Court, yet again, instructed the DOC to comply with its Order:

> WHEREFORE, it is hereby ORDERED that the DOC Defendants must comply with this Court's Order, ECF No. 111, on or before April 10, 2020. Failure to comply with the March 27, 2020 Order will result in sanctions.

Id.

Inexplicably, despite this Court's most recent Order and notice that failure to comply would result in sanctions, the DOC has not supplemented its prior response, and not produced

4

the documents to the Court, in clear violation of this Court's Orders dated March 27, 2020 and April 6, 2020.

## II. LEGAL STANDARD

The Court has the authority to impose sanctions for failure to obey a discovery order pursuant to Federal Rule of Civil Procedure 37(b). Rule 37 provides, in relevant part:

> **(b)(2) Sanctions Sought in the District Where the Action is Pending.**
>
> (A) *For Not Obeying a Discovery Order*. If a party or a party's officer, director, or managing agent – or witness designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35 or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
>> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>>
>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence:
>>
>> (iii) striking pleadings in whole or in part;
>>
>> (iv) staying further proceedings until the order is obeyed;
>>
>> (v) dismissing the action or proceeding in whole or in part;
>>
>> (vi) rendering a default judgment against the disobedient party; or
>>
>> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
>
> (C) *Payment of Expenses*. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2).

As recently recognized by District Judge Joy Flowers Conti of this Court:

> In applying Rule 37(b), district courts have "very broad discretion" to use sanctions where necessary to ensure compliance with pretrial orders: this facilitates the "expeditious and sound management of the preparation of cases for trial." Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 242 (3d Cir. 2007) (involving objections to a special master's R&R about Rule 16(f) sanctions). Although Rule 37(b) "provides a 'veritable arsenal of sanctions' to deter and rectify discovery violations," is not equivalent to carte blanche; the court's discretion is limited in two ways: (1) any sanction must be just; and (2) the sanction must be specifically related to the specific claim that was at issue in the order to provide discovery. Clientron Corp. v. Devon IT, Inc., 894 F.3d 568, 580-582 (3d Cir. 2018) (citations omitted) (rejecting veil piercing sanction not authorized by substantive law). In other words, the "unproduced discovery [must] be sufficiently material to the administration of due process to support a presumption that the failure to produce constituted an admission by the offending party that its asserted claim or defense lacked merit." Id. In Clientron, the court of appeals cautioned: "nothing in this opinion should be read to cast doubt on the District Court's authority to levy a sanction given the gravity of the misconduct, nor should the opinion be read to take issue with the severity of the sanction originally imposed." 894 F.3d at 582.

In Deitrick v. Costa, No. 4:06-CV-1556, 2019 WL 450216 (M.D. Pa. Feb. 5, 2019), the court succinctly summarized the legal rules governing the imposition of sanctions on a party who fails to comply with a discovery order:

> Rule 37(b)(2) of the Federal Rules of Civil Procedure authorizes the imposition of sanctions against a party who fails to comply with a discovery order. DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 2014). "The choice of an appropriate sanction generally is committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d at 788 (citation omitted). "Sanctions for the violation of Rule 37(b)(2)(A) include orders by the court ranging from designating that certain facts be admitted, to prohibiting the disobedient party from supporting or opposing designated claims or defenses, to monetary damages or even to the dismissal of all or part of the action." Craig v. Kelchner, No. 3:07-CV-1157, 2010 WL 528331 (M.D. Pa. Feb. 11, 2010) (citing Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii)). In addition, Fed. R. Civ. P. 37(b)(2)(C) provides for the sanction of reasonable expenses including attorney fees against a party failing to comply with an Order.
>
> …

6

> In imposing sanctions, the sanction must be specifically related to the particular claim or claims at issue in the Order to provide discovery violated by the offending party. Furthermore, the Court must "assess the culpability of the offending party and the prejudice to the party seeking sanctions" in determining the appropriate sanction. Craig v. Kelchner, No. 3:07-CV-1157, 2010 WL 528331 (M.D. Pa. Feb. 11, 2010) (citation omitted).
>
> [2010 WL 528331,] at *5. Rule 37(b)(2)(C) directs that instead of or in addition to the sanctions described above, the court "must" order the disobedient party, the advising attorney, or both to pay the reasonable expenses, including attorney's fees caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. In re Atomica Design Grp., Inc., No. 12-17235, 591 B.R. 217, 233 (Bankr. E.D. Pa. 2018).

Miller v. Thompson-Walk, No. 15-1605, 2019 WL 2150660, at *9 (W.D. Pa. May 17, 2019).

It is also recognized that a party subject to a sanction under Rule 37(b)(2) generally has engaged in multiple discovery violations. See Nat'l Fire & Marine Ins. Co. v. Robin James Construction, Inc., 478 F. Supp. 2d 660, 663 (D. Del. 2007) (sanctioning defendant for violating multiple discovery orders); Moser v. Bascelli, 879 F. Supp. 489, 493-94 (E.D. Pa. 1995) (imposing a sanction of attorneys' fees and expenses on plaintiff for continuing to disobey a court order).

### III.   ANALYSIS

Pursuant to Federal Rule of Civil Procedure 37(b)(2), sanctions may be imposed for failure to obey an order to provide discovery. In response to Plaintiffs' Motion for Sanctions, the DOC proffers no evidence that it complied with this Court's Orders, ECF Nos. 92 and 97, requiring it to provide supplemental discovery responses. It has further disregarded multiple Orders requiring it to provide such evidence and submit medical records for in-camera review. See ECF Nos. 111 and 114. The DOC has failed to comply, despite this Court's clear warning that sanctions would be imposed. As such, sanctions are warranted under Rule 37(b)(2).

With respect to the nature of the sanction that should be imposed, as discussed above, federal district courts have very broad discretion to use sanctions to ensure compliance with court orders.  Miller v. Thompson-Walk, No. 15-1605, 2019 WL 2150660, at *9 (May 17, 2019 W.D. Pa.).  Rule 37(b) provides courts with a "veritable arsenal of sanctions" to use to deter and rectify discovery violations.  Id.  In considering the imposition of a just sanction, the Court's discretion is limited in two ways: (1) any sanction must be just; and (2) the sanction must be related to the claim that was at issue.  Id.; see also Clientron Corp. v. Devon IT, Inc., 894 F.3d 568, 580 (3d Cir. 2018).  The district court "must ensure that the sanction is tailored to meet the harm identified."  Klein v. Stahl GMBH, 185 F.3d 110-11 (3d Cir. 1999) (quoting Republic of the Philippines v. Westinghouse Elec. Corp., 43 F.3d 65, 73 (3d Cir. 1994)).  Pursuant to Federal Rule of Civil Procedure 37(b), appropriate sanctions may include prohibiting the disobedient party, in this case, the DOC, from supporting or opposing designated claims or defenses.  Fed. R. Civ. P. 37(b)(2)(A)(ii).

Upon consideration, the Court concludes that the DOC will be prohibited from opposing Plaintiff's pending Eighth Amendment claims, to the extent that the DOC will not be permitted to file a motion for summary judgment in this action.  The discovery at issue relates to Plaintiff's pending Eighth Amendment claims, and therefore this sanction is tailored to the claims at issue.  Given the serious and repeated nature of the DOC's misconduct, this sanction is also justly imposed.

The DOC's conduct has prejudiced Plaintiff, a *pro se* litigant who has repeatedly been required to seek this Court's intervention to obtain relevant discovery.  Moreover, such disregard for court orders threatens the fair and efficient administration of justice and must not be tolerated.  Upon considering the range of potential sanctions, the Court finds that precluding the

DOC from seeking summary judgment is sufficient to acknowledge and deter the serious nature of the DOC's misconduct and therefore imposes this sanction.

DOC is ordered to comply with outstanding Orders of this Court, including the production of the medical records to the Court, on or before Wednesday, April 29, 2020. A noticed of compliance must also be filed by the DOC on or before that date. Failure to so comply may result in additional sanctions.

### IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Sanctions is granted. ECF No. 110. An appropriate order follows.

**ORDER**

WHEREFORE, it is hereby ORDERED that Plaintiff's Motion for Sanctions in Response to Defendants Committing Fraud Upon this Court ("Motion for Sanctions"), ECF No. 110, is GRANTED. Defendants Wetzel, Barnacle, Jones, Patterson, Garland and Youhouse are precluded from filing a Motion for Summary Judgment in this action. The DOC Defendants are further ordered to comply with outstanding Orders of this Court, including the production of the medical records to the Court, on or before Wednesday, April 29, 2020. A noticed of compliance must also be filed by the DOC on or before that date. Failure to so comply may result in additional sanctions

Dated: April 23, 2020                                   BY THE COURT:

                                                         *Maureen P. Kelly*
                                                         MAUREEN P. KELLY
                                                         UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM-ECF

    MICAH HEPLER
    HE-3781
    SCI Laurel Highlands
    5706 Glades Pike
    PO Box 361
    Somerset, PA 15501